THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Donovan Raheam
 Pringle, Appellant.
 
 
 

Appeal From Georgetown County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-303
 Submitted April 2, 2012 – Filed May 16,
2012    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina J. Catoe,
 all of Columbia; and Solicitor J. Gregory Hembree, of Conway, for Respondent. 
 
 
 

PER CURIAM: Donovan
 Raheam Pringle appeals his convictions of armed robbery and possession of a
 weapon during the commission of a violent crime.  He argues the trial court
 erred in denying his motion for a directed verdict because the State's evidence
 amounted only to a mere suspicion he was involved in the armed robbery.  Because Pringle's cousin stated to the
 police he committed the robbery with Pringle and his statement was corroborated
 by circumstantial evidence, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When
 ruling on a motion for a directed verdict, the trial court is concerned with
 the existence or nonexistence of evidence, not its weight."); id. at 292-93, 625 S.E.2d at 648 (stating an appellate court views the evidence and
 all reasonable inferences in the light most favorable to the State when
 reviewing a denial of a directed verdict and must find
 the case was properly submitted to the jury if any direct evidence or any substantial circumstantial evidence
 reasonably tends to prove the guilt of the accused); State v.
 Crawford, 362 S.C. 627, 634, 608 S.E.2d 886, 889-90 (Ct. App. 2005) ("[T]estimony
 of prior inconsistent statements may be used as substantive evidence when the
 declarant testifies at trial and is subject to cross examination."
 (internal quotation marks and citation omitted)); State v. Needs, 333
 S.C. 134, 144, 508 S.E.2d 857, 862 (1998) ("[T]he jury is the judge of
 which contradictory statement of the witness is the truth." (quotation
 marks and citation omitted)); State v. Pitts, 256 S.C. 420, 426, 182
 S.E.2d 738, 741 (1971) ("The weight to be attached to the testimony of an
 accomplice is for the jury alone who must consider it in view of the other
 evidence and reach their conclusion on the view of the whole case.").
AFFIRMED.
FEW, C.J., HUFF and SHORT,
 JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.